**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LEMUEL SHAMBRY,

              Plaintiff,

    v.

CAMDEN COUNTY JAIL,

              Defendant.

HONORABLE JEROME B. SIMANDLE


Civil Action
No. 16-cv-05956 (JBS-AMD)

**OPINION**

APPEARANCES:

Lemuel Shambry, Plaintiff Pro Se
742 South West Blvd.
Vineland, NJ 08360

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Lemuel Shambry seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.    Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "person" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

6.    Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.    Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The fact section of the complaint states: "I was put in a cell where there was 3 other people in the cell, two on bunks one on the floor and then I had to sleep on the floor for almost a year. And I was there for a year and about two months on S-D-Pod. On the floor." Complaint § III. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.    The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the

3

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

(1979))). More is needed to demonstrate that such crowded

conditions, for a pretrial detainee, shocks the conscience and

thus violates due process rights. *See Hubbard v. Taylor*, 538

F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations

and hardship over an extended period of time, that the adverse

conditions become excessive in relation to the purposes assigned

to them."). Some relevant factors are the dates and length of

the confinement(s), whether Plaintiff was a pretrial detainee or

convicted prisoner, etc.

9.    As Plaintiff may be able to amend his complaint to

address the deficiencies noted by the Court, the Court shall

grant Plaintiff leave to amend the complaint within 30 days of

the date of this order.

10.  Plaintiff should note that when an amended complaint

is filed, the original complaint no longer performs any function

in the case and cannot be utilized to cure defects in the

amended complaint, unless the relevant portion is specifically

incorporated in the new complaint. 6 Wright, Miller & Kane,

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

omitted). An amended complaint may adopt some or all of the

allegations in the original complaint, but the identification of

the particular allegations to be adopted must be clear and
explicit. *Id.* To avoid confusion, the safer course is to file an
amended complaint that is complete in itself.[1] *Id.*

11.   For the reasons stated above, the complaint is
dismissed without prejudice for failure to state a claim. The
Court will reopen the matter in the event Plaintiff files an
amended complaint within the time allotted by the Court.

12.   An appropriate order follows.


**March 8, 2017**                    **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               Chief U.S. District Judge

---

[1] The amended complaint shall be subject to screening prior to
service.